**21-20617**

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

Frederic A. Guenther; Walton Fujimoto; Les Owen,
Plaintiffs-Appellees

v.

BP Retirement Accumulation Plan; BP Corporation North America, Incorporated,
Defendants-Appellees

v.

Michael Press,
Movant-Appellant

**APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS**
No. 4:16-CV-00995
The Honorable George C. Hanks, Jr.

**MOTION TO STAY PENDING APPEAL ON BEHALF OF MOVANT-APPELLANT**

James R. Swanson
Kerry J. Miller
Jason W. Burge
Rebekka C. Veith
C. Hogan Paschal
FISHMAN HAYGOOD L.L.P.
201 St. Charles Ave. 46th Floor
New Orleans, LA 70170-4600
(504) 586-5252; (504) 586-5250 fax
*Attorneys for Movant-Appellant*

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Local Rule 28.2.1, undersigned counsel of record certifies that the following listed persons have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. Movant/Appellant Michael Press;

2. Proposed Intervenors:

Adamany, Linda
Adams, Victor
Adzima, John
Alfred, Kenneth
Alfred, Toby
Anderson, John
Anthony, Donald
Arnold, David
Astratis, Victor
Atton, David
Bailey, Terry
Bartlett, Noel
Bartok, Peter
Bartos, Leon
Basset, J.R.T. (Estate)
Battershell, Carol
Beaver, Don (Estate)
Becker, Randolph
Bell, David
Benz, Steven
Bernu, Dewey
Binns, Colin
Blazina, Brian
Bond, Thomas
Bonk, Edward
Brackett, Cynthia
Brame, Jeffrey
Brandt, William
Brasse, Philip
Breedlove, Roger
Bridgeman, David
Brixius, Dennis (Estate)
Bubb, Harrison
Buchanan, Karen
Buchtman, Vincent
Bumpus, Arthur (Estate)
Burroughs, James
Burton, Larry
Butler, Rodney
Cade, Erskine
Caito, Susan
Calhoun, Vernell
Calobrisi, John
Cameron, Robert
Campbell, Doug
Carr, Kevin (Estate)
Carstenbrock, Jay
Carter, Nancy
Catchpole, David
Centa, Lynn
Christensen, Diane
Christensen, William
Christman, Gary
Clark, Alton
Clifton, William
Conrad, Jeffrey
Cossey, Stephen
Crabtree, Richard
Crosby, Richard
Culp, Burrell
Cundy, James
Currier, William
Davis, Evelyn
DeAngleis, Karen
deBrier, Donald
Denis, John
Denman, Erika
DeWilde, Dennis
Doggett, William
Dotson, Byron
Drysdale, Christopher
Dueker, John
Dyar, Robert
Emeruwa, Carol
Farkas, Robert (Estate)
Farris, Douglas
Fauley, Maurice
Fink, Norma

Fizgibbons, William
Flint, Daniel
Foshee, Jeffrey
Foster, James
Fowler, Paul
Freund, Alan
Fulton, Matthew
Gaetjens, David
Garibaldi, Fred
Garrigan, Michael
Gencarelli, Joseph (Estate)
Gillespie, Kristina
Gilroy, James
Ginn, Walter
Goetsch, Pamela
Goetsch, Richard (Estate)
Golden, Terry
Gonzalez, George
Goodwin, Mark
Grant, Doetha
Greben, Adrienne
Gwalthney, Ingrid
Hahn, Richard (Estate)
Hall, Michelle
Hamilton, Thomas
Hanley, Peter
Hanna, Hugh (Estate)
Harrison, Hedra
Harvey, Barbara
Headen, Keith
Heflich, Jean
Heflin, Adelia
Heinen, Nancy
Hennie, Ruth
Herdt, Mary
Hermiller, James
Herrin, Robert
Hileman, Wendy
Hitch, Brian
Hnatiak, Brenda
Hollis, William
Hower, John
Hruska, Dennis
Huey, Kent
Hull, Bradley
Hunt, Barbara
Iacoponi, James
Ideus, Kenneth (Estate)
Jablonski, Mark
Jackson, Walter
Johnson, James
Jonke, Dennis
Joyce, Mary
Kantelis, James
Kantelis, Nicole
Kapcsos, Frank
Keckler, Kenneth
Kelley, Joseph
Klein, Roger
Klement, Jonathan
Kleppin, Daryl
Kronk, Courtney
Koch, Thomas
Komos, Thomas
Korb, Todd
Kovatch, Cheryl
Kowalski, Walter
Kuenzli, Donovan
Kuhn, Edwin
LaBeau, Michael
LaMore, Terry
Latham, Kevin
Laubacher, James
Lew, Moon
Lewis, Denise
Lipinski, Richard
Lombardi, Michael
Lynch,William
Maddux, Jack
Madsen, Allyson
Manton, Blake (Estate)
Marshall, Steven
Maskell, Clive
Matlock, Thomas
Matte, William
Matthews, Jeanette
McCaffrey, Kevin
McCrodden, Bruce
McDonald, John
McKenna, Christopher
McNally, Stephen
Meister, Donna
Mesel, Robert (Estate)
Minor, Michael
Mooney, William
Morgan, Michael
Morris, Robert (Estate)
Mower, Michael
Mundy, Lisa
Nelson, George
Neuenschwander, James
Newton, Karen
Nyberg, Donald
Obeney, Terence
O'Horo, Stephen (Estate)
Osborne, Michael
Oves, Paul (Estate)
Palmer, James
Panek, Richard
Paramore, April
Pessel, David
Pietrick, Robert
Pondo, Fredric
Popkin, Michael
Porter, Daniel
Porter, Rick
Press, Michael
Repp, Stephen
Rex, Eugene
Reynolds, Timothy

Rixse, Kellie
Robinson, Earl
Robinson, Willa
Rocco, Ralph
Rogers, Michael
Rogers, Virginia
Romberg, David
Rossett, James
Rossett, Tracey
Rothbart, Jay
Rupert, Richard
Sabo, Richard
Sboray, Bernard
Schaefer, James
Schafer, Fred
Scheman, Sandra
Schiff, Denise
Schrag, Robert
Schreiner, Terrance
Scott, Sherman (Estate)
Scruggs, Bobby
Shackleford, Oliver
Shanahan, Karen
Shaughnessy, Dennis
Sheikh, Arshad
Shockey, Robert
Sicvol, Werner
Siira, Gerald
Siira, Richard
Siira, Robyn
Slominski, Carmen
Smith, Edward
Smith, Jerry
Soeder, DeWanda
Stagg, Ted
Stamm, Joe
Standing, Thomas
Stiles, Mark
Straitiff, Daniel
Surdy, Michael
Swanson, Steven
Swertloff, Arnold (Estate)
Tarjan, Michael
Taylor, Jeffrey (Estate)
Taylor, Thad
Tennet, Paul
Thomas, Larry (Estate)
Thomas, Susie
Todor, Michael
Tucker, Robert (Estate)
Ujczo, Anne
Vaccariello, Anthony
Vainieri, Humberto
Valantas, Robert
Valus, Ronald
Vancil, Philip
Vargo, Ronald
Villas, Steven
Virtue, Robert
Wagner, Frederic
Walker, Rebecca
Walker, Ian
Walker, Wendy
Wall, Richard
Walpole, James
Ward, Peter
Ware, Hilary
Webb, Irma
Weinert, Raymond
Weldy, Michael
Williams, David
Williams, Willie
Wright, Steven
Young, Setrena
Young, Thomas
Yurkanin, Joseph
Yusko, David
Zampini, Robert
Zimpfer, Robert
Zislin, Jane
Zislin, Neal

3. Plaintiff/Appellees Fredric A. Guenther, Walton Fujimoto, and Les Owen.

4. Susan Weeks and Leander Laurel James of James, Vernon & Weeks, P.A. representing Plaintiff/Appellees Fredric A. Guenther, Walton Fujimoto, and Les Owen.

5. Rossi Maddalena, Philip Randolph Meade, and Peter Steilberg of Merrick, Hofstedt & Lindsey, P.S. representing Plaintiff/Appellees Fredric A. Guenther, Walton Fujimoto, and Les Owen.

6. Defendant/Appellees BP Retirement Accumulation Plan and BP Corporation North America, Inc.

7. Emma C. Mata, Ian Hugh Morrison, and Esteban Shardonofsky of Seyfarth Shaw, L.L.P. representing Defendant/Appellees BP Retirement Accumulation Plan and BP Corporation North America, Inc.

8. Howard Shapiro and Robert Rachal, representing Defendant/Appellees BP Retirement Accumulation Plan and BP Corporation North America, Inc.

Respectfully submitted,

*/s/ Jason W. Burge*
Jason W. Burge

# TABLE OF CONTENTS

INTRODUCTION .......... 1

BACKGROUND .......... 3

LEGAL STANDARD .......... 7

SUMMARY OF ARGUMENT .......... 9

ARGUMENT .......... 11

A. It is well-settled that absent class members are entitled to intervene in a mandatory class, and the *Press* Plaintiffs are likely to succeed on the merits of their appeal .......... 11

B. Proceeding without a stay will irreparably prejudice the Press Plaintiffs' due process rights. .......... 16

C. A brief stay will not prejudice the other parties to this dispute .......... 17

D. A brief stay is in the public interest. .......... 18

CONCLUSION .......... 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barry's Cut Rate Stores Inc. v. Visa, Inc.*,
2021 WL 2646349 (E.D.N.Y. 6/28/2021) ........................................................17

*Benefits Admin. Cmte. of Brush Aftermarket N. Am. Inc. Group Pension Plan v. Wencl*, 2016 WL 8809478, (D. Minn. 8/22/2016) ...................18

*Brock v. Citizens Bank of Clovis*,
841 F.2d 344 (10th Cir. 1988) ........................................................................18

*Bullock v. Spencer*,
112 F. Supp. 147 (D.D.C. 1953)......................................................................19

*Campaign for Southern Equality v. Bryant*,
773 F.3d 55 (5th Cir. 2014) ..............................................................................7

*Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*,
356 F.3d 1256 (10th Cir. 2004) ..................................................9, 10, 17

*In re Ford Motor Co. Bronco II Prods. Liab. Litig.*,
1995 WL 15182 (E.D. La. 1/12/1995)........................................9, 13, 16

*John Doe No. 1 v. Glickman*,
256 F.3d 371 (5th Cir. 2001) ..........................................................................15

*Kovalesky v. A.M.C. Assoc. Merch. Corp.*,
551 F. Supp. 544 (S.D.N.Y. 1982) ..................................................................18

*Perez v. Lukas Mach., Inc.*,
2014 WL 1466443 (W.D. Wash. 4/15/2014) ...................................................18

*Plain v. Murphy Family Farms*,
296 F.3d 975 (10th Cir. 2002) ..................................................9, 10, 17

*Planned Parenthood of Greater Texas Surgical Health Servs. v. Abbott*,
734 F.3d 406 (5th Cir. 2013) ............................................................................8

*Ruiz v. Estelle*,
650 F.2d 555 (5th Cir. 1981) ....................................................................8

*S.E.C. v. Stanford Intern. Bank, Ltd.*,
429 Fed. App'x 379 (5th Cir. 2011) .......................................................12

*Ruderman ex rel. Schwartz v. Washington Nat. Ins. Co.*,
263 F.R.D. 670 (S.D. Fla. 2010)...............................................................15

*Sierra Club v. Espy*,
18 F.3d 1202 (5th Cir. 1994) ..................................................................11

*Tex. Alliance for Retired Americans v. Hughs*,
976 F.3d 564 (5th Cir. 2020) ....................................................................7

*Theriot v. Parish of Jefferson*,
1995 WL 7731680 (E.D. La. 12/5/1995)...................................................17

*In re Toyota Hybrid Brake Litig.*,
2020 WL 6161495 (E.D. Tex. 10/21/2020)................................................12

*Trbovich v. U. Mine Workers*,
404 U.S. 528 (1972)....................................................................................15

*Veasey v. Perry*,
769 F.3d 890 (5th Cir. 2014) ....................................................................7

*Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Comm'n*,
834 F.3d 562 (5th Cir. 2016) ..................................................................11

*Woolen v. Surtain Taxicabs, Inc.*,
684 F.2d 324 (5th Cir. 1982) ....................................................12, 13, 17

**Other Authorities**

Fed. Rule of Civ. P. 23...........................................................................*passim*

Fed. Rule Civ. P. 24 ..............................................................................*passim*

# INTRODUCTION

Movant/Appellant, Michael Press, sought to intervene in the matter below on behalf of himself and approximately 280 separately named and individually represented former employees of BP Corporation North America, who each allege that they have lost significant portions of their retirement assets—losses valued for some plaintiffs at over $100,000 each—through the actions of the Defendant BP Corporation North America and its parent corporation, BP plc. When the district court prevented Press and his co-plaintiffs from pursuing their own lawsuits for their losses,[1] and when the district court certified the *Guenther* class pursuant to Rule 23(b)(2) without opt-out rights preventing Press and his co-plaintiffs from opting out and prosecuting their own claims,[2] Press moved to intervene in the *Guenther* class action pending below to ensure that his due process rights and the rights of his co-plaintiffs were protected and that their valuable claims were appropriately prosecuted. Intervention was (and remains) the only way that Press and his co-plaintiffs could maintain any control and input into the prosecution of their individual claims, many of which are not at issue in the *Guenther* class action below.

---

[1] Order Staying Case in Civil Action No. 4:21-cv-62, (S.D.Tex. 11/10/2021) (hereafter, "ROA.21-62"), Doc. 55.
The record on appeal in this matter is not yet prepared. Accordingly, all cites to the record in this motion will be to the district court record. Cites to the *Guenther* action, Case No. 4:16-cv-00995 (S.D. Tex.) will be "ROA.16-995." Cites to the *Press* action, Case No. 4:21-cv-62 will be "ROA.16-62."
[2] Case No. 4:16-cv-00995 (S.D. Tex. 3/12/2021) (hereafter, "ROA.16-995"), Doc. 267.

On November 1, 2021, the district court denied the Appellants' motion to intervene in the *Guenther* class action below.[3] On November 24, 2021, Appellants ("the *Press* Plaintiffs") filed a notice of appeal in the district court, seeking appellate review of the Court's order denying their intervention.[4] At a status conference held on December 1, 2021, the district court notified the parties that the Court would not entertain any motions to stay the case pending the *Press* Plaintiffs' appeal:

> THE COURT: Okay. Great. Yes, I did see that [an appeal] was filed right before Thanksgiving. I don't plan -- just for your planning purposes, I don't plan -- if they do ask for a motion to stay the Court's order, **I'm not going to grant a motion to stay. They will have to get that from the Fifth Circuit.** So we will have to wait and see if the Fifth Circuit will grant a motion to stay the case pending the ruling on appeal. But absent that, I plan on moving forward to get you guys to trial. That's what I promised to do and I will get it done.
>
> So please do the research on how it will affect your case, but at least you will know from my end, **I'm not going to grant a motion to stay the case pending appeal. They are going to have to get that from the Fifth Circuit.**[5]

The district court also indicated that trial in this matter would be conducted by the end of February, on a date to be set on a docket call in January 2022.[6]

For reasons explained herein, the *Press* Plaintiffs are at risk of undue prejudice if *Guenther* proceeds to final judgment before the *Press* Plaintiffs' appeal of the

---

[3] ROA.16-995, Doc. 319 (Minute Entry denying motion to intervene).
[4] ROA.16-995, Doc. 325.
[5] *See*, Ex. 1, Transcript from December 1, 2021 Status Conference, at 8-9 (emphasis added). The minute entry from this status conference is ROA.16-995, Doc. 336.
[6] *See* Ex. 1, at 9-10 (clarifying that the Court intends to try the matter before the "end of February").

denial of their intervention can be decided by this Court. In short, though the *Press* Plaintiffs' individual actions and the *Guenther* class action arise from a set of somewhat overlapping facts, the *Press* Plaintiffs have alleged claims and seek remedies that the *Guenther* class does not. Absent a stay, the *Press* Plaintiffs' claims are at risk of being adversely impacted by a final judgment in *Guenther* over which they have been denied the right to exert any control—a result that would frustrate their rights to due process, particularly with respect to the *Press* Plaintiffs' claims that are not at issue in *Guenther*. Accordingly, the *Press* Plaintiffs respectfully move this Court to order a stay of the *Guenther* proceedings below, pending the outcome of their appeal.

## BACKGROUND

The *Press* Plaintiffs are approximately 280 former employees of Standard Oil of Ohio ("Sohio") and, later, BP Corporation North America ("BP America"), who filed individual claims against BP plc and BP America arising from misrepresentations made regarding the conversion of BP America's pension benefit plan (the "RAP") in 1989, misrepresentations that BP plc and BP America concealed from its employees until an Ombudsman's investigation brought those misrepresentations to light in 2014.

Many of the *Press* Plaintiffs held management positions at Sohio and, later, BP America, and therefore believe that the potential dollar value of their individual

claims is significant on a standalone basis. The *Press* Plaintiffs have engaged an actuarial expert, Dr. Ethan Kra, FSA,[7] to conduct individual assessments of the monetary relief to which each *Press* Plaintiff is entitled. Dr. Kra's initial analysis has confirmed the significant potential value of the *Press* Plaintiffs' individual claims. Indeed, Dr. Kra has identified that many of their individual claims total six figures.[8]

Shortly upon obtaining knowledge of the defendants' misrepresentations, the *Press* Plaintiffs filed individual claims on September 14, 2020 in the Northern District of Ohio. On January 8, 2021, the *Press* case was transferred to the Southern District of Texas, where *Guenther*, the case below, was pending,[9] because the case below arises from the same pension plan conversion and, as such, is founded on a similar and somewhat overlapping set of facts.

But though the facts are overlapping, the *Press* Plaintiffs have asserted claims, and seek remedies for those claims, not at issue in *Guenther*, including that (1) when the pension plan was converted in 1989, BP America miscalculated the *Press* Plaintiffs' opening account balances (*i.e.*, an amount that should have equaled the benefits already accrued under the old pension plan) such that the balances were too

---

[7] *See* Declaration of Ethan Kra, attached to the *Press* Plaintiffs' Motion to Intervene, ROA.16-995, Doc. 272-3.
[8] *Id*.
[9] ROA.21-662, Doc. 29.

low and in a manner contrary to the representations made by BP America;[10] (2) BP America misrepresented a second set of material facts regarding the pension plan in 2014, in connection with the Ombudsman's investigation;[11] and (3) BP plc—which is not a defendant in the *Guenther* litigation—is liable for aiding and abetting BP America's fiduciary breaches.[12]

When the *Press* case was transferred, the *Guenther* case was only a putative class action. Later, on August 7, 2020, the *Guenther* plaintiffs had filed a motion to certify a class,[13] defined as:

> **General Class:** All persons under age 50 as of January 1, 1989 who were active participants in the BP America Retirement Accumulation Plan as of January 1, 1989, and whose retirement benefit under the BP America Inc. Retirement Plan (ARP) exceeds the retirement benefit offered (or that will be offered) by the BP America Retirement Accumulation Plan (RAP), as amended on the benefit commencement date, and the beneficiaries and estates of such persons and alternate payees, under a Qualified Domestic Relations Order.
>
> **Subclass:** All persons under age 50 as of January 1, 1989, and who were active participants in the BP America Retirement Accumulation Plan as of January 1, 1989, and whose retirement benefit under the BP America Inc. Retirement Plan (ARP) exceeds the retirement benefit offered (or that will be offered) by the BP America Retirement Accumulation Plan (RAP), as amended on the benefit commencement date, and the beneficiaries and estates of such persons and alternate payees under a Qualified Domestic Relations Order who signed a

[10] ROA.21-61, Doc. 3, at ¶¶ 302, 304, 334-336, 392, 395.
[11] ROA.21-61, Doc. 3, at ¶¶ 367-378.
[12] ROA.21-62, Doc. 3, at ¶¶ 395, 396-400.
[13] ROA.16-995, Doc. 191.

> release upon separation of employment. This class is a subset of the first class.[14]

At least some of the *Press* Plaintiffs fall within this definition. The *Guenther* Plaintiffs sought certification alternatively under both Rule 23(b)(2) and Rule 23(b)(3).[15]

On March 12, 2021, the Magistrate Judge issued a Memorandum and Recommendation,[16] recommending that the *Guenther* class be certified pursuant to Rule 23(b)(2) without notice or opt out rights for absent class members. The *Press* Plaintiffs immediately moved to intervene so to object to the certification on the grounds that it would violate their due process rights under *Wal-Mart v. Dukes.*[17] Without ruling on the *Press* Plaintiffs' motion to intervene, the district court adopted the Magistrate Judge's recommendation in its entirety on March 31, 2021.[18] The *Press* Plaintiffs joined BP America's interlocutory appeal of the class certification decision under Rule 23(f), which appeal was denied.[19] Subsequently, the *Press* Plaintiffs' motion to intervene was denied, and this appeal followed.

---

[14] ROA.16-995, Doc. 273, at 2.

[15] ROA.16-995, Doc. 191 at 5 (describing the Issue to be Ruled Upon as "Should the Court certify the class under **Rule 23(b)(2) and/or Rule 23(b)(3)** of the Federal Rules of Civil Procedure because Plaintiffs have satisfied the prerequisites of Rule 23(a) and Rule 23(b)?") (emphasis added).

[16] ROA.16-995, Doc. 267.

[17] ROA.16-995, Doc. 272.

[18] ROA.16-995, Doc. 273.

[19] ROA.16-995, Doc. 286 (Fifth Circuit's per curiam ruling in Case No. 21-90015 (5th Cir. 2021), denying motion for leave to appeal under Fed. R. Civ. P. 23(f)).

## LEGAL STANDARD

The Fifth Circuit applies a four-factor analysis in determining whether to grant a stay pending appeal pursuant to Federal Rule of Appellate Procedure 8(a):

> "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."

*Veasey v. Perry*, 769 F.3d 890, 892 (5th Cir. 2014) (quoting *Nken v. Holder*, 556 U.S. 418, 426 (2009)). "A stay pending appeal 'simply suspend[s] judicial alteration of the status quo,' so as to allow appellate courts to bring 'considered judgment' to the matter before them and 'responsibly fulfill their role in the judicial process.'" *Tex. Alliance for Retired Americans v. Hughs*, 976 F.3d 564, 566 (5th Cir. 2020) (quoting *Nken*, 556 U.S. at 427, 429). "'The first two factors of the traditional standard are the most critical.'" *Id.* (quoting *Nken*, 556 U.S. at 434).

"'The proponent of a stay bears the burden of establishing its need.'" *Tex. Alliance*, 976 F.3d at 566 (quoting *Clinton v. Jones*, 520 U.S. 681, 708 (1997)). "In evaluating these [four stay] factors, this court has refused to apply them 'in a rigid … [or] mechanical fashion.'" *Campaign for Southern Equality v. Bryant*, 773 F.3d 55, 57 (5th Cir. 2014) (quoting *U.S. v. Baylor Univ. Med. Ctr.*, 711 F.2d 38, 39 (5th Cir. 1983)). "Moreover, we have recognized that a movant need only present a substantial case on the merits when a serious legal question is involved and show

that the balance of equities weighs heavily in favor of granting the stay." *Id.* (internal quotation marks and citations omitted).

Though, ordinarily, the movant must first seek, and be denied, a stay in the district court, before filing a motion to stay pursuant to Federal Rule of Appellate Procedure 8(a), the Rule provides that, where the filing of such motion with the district court would be "impracticable," the movant may file the motion directly with the circuit court. *Planned Parenthood of Greater Texas Surgical Health Servs. v. Abbott*, 734 F.3d 406, 410 (5th Cir. 2013). Here, the district court advised that it would not stay the proceedings below unless such mandate came from the Fifth Circuit.[20] Accordingly, it would be impracticable for the *Press* Plaintiffs to file a motion to stay with the district court first, before requesting the same from this Court. *See Ruiz v. Estelle*, 650 F.2d 555, 567 (5th Cir. 1981) ("Under our construction of Rule 8(a), we believe the district court should have the opportunity to rule on the reasons and evidence presented in support of a stay, ***unless it clearly appears that further arguments in support of the stay would be pointless in the district court***.") (emphasis added). Here, the district court has expressed that a motion for stay without direction to do so by this Court would be pointless. For this reason, the *Press* Plaintiffs have filed the instant motion without first filing before the district court.

---

[20] *See*, Ex. 1, Transcript from December 1, 2021 Status Conference, at 8-9, discussed *supra* p. 2. The minute entry from this status conference is ROA.16-995, Doc. 336.

## SUMMARY OF ARGUMENT

Because the *Press* Plaintiffs have not been afforded the opportunity to opt out of the *Guenther* class to pursue their individual claims and the additional relief they seek, the *Press* Plaintiffs' intervention is now all the more necessary to protect their due process rights. Indeed, absent class members "should, as a general rule, be entitled to intervene in the action." Fed. R. Civ. P. 24 advisory committee's note (1966); *see also In re Ford Motor Co. Bronco II Prods. Liab. Litig.*, 1995 WL 15182 at *2 (quoting 7B Wright & Miller, Fed. Prac. & Proc. § 1799 (2d ed. 1986), in turn quoting Fed. R. Civ. P. 24 advisory committee's note).

More precisely, certification of the *Guenther* class without notice or opt out rights violates the *Press* Plaintiffs' rights to due process, rights that can only be protected now by allowing the *Press* Plaintiffs to intervene and participate in the *Guenther* proceedings below. *See, e.g., Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1267 (10th Cir. 2004); *Plain v. Murphy Family Farms*, 296 F.3d 975, 981 (10th Cir. 2002). If *Guenther* is allowed to proceed to trial and final judgment before the *Press* plaintiffs can intervene, the *Press* plaintiffs due process rights will be lost entirely.

To protect the *Press* Plaintiffs' due process rights, a stay of the proceedings below is warranted here *First,* the *Press* Plaintiffs are likely to succeed on the merits of their appeal. The district court's only basis for denial of the *Press* Plaintiffs'

intervention was the presumption of adequate representation by the *Guenther* class. That is demonstrably incorrect, in part because the *Press* Plaintiffs are pursuing claims and remedies beyond those that the *Guenther* class is pursuing.

*Second*, absent a stay, *Guenther* may proceed to final judgment before the *Press* Plaintiffs' intervention may be considered by this Court at great prejudice to the *Press* Plaintiffs. Any resolution in *Guenther* that does not include consideration of the *Press* Plaintiffs' interests will irreparably harm those interests by, for example, impairing the *Press* Plaintiffs' ability to prosecute their individual claims not at issue in *Gunther*. Where, as here, the judgment on appeal is a denial of a motion to intervene, and further proceedings at the district court without the participation of the proposed intervenor may prejudice the rights of that proposed intervenor, a stay pending appeal may be the only way to ensure those rights are protected. *See, e.g.*, *Dominion Video Satellite*, 356 F.3d at 1267 (10th Cir. 2004) (citing *Plain*, 296 F.3d at 981); 30 Am. Jur. 2d, *Executions and Enforcement of Judgments* § 34 (2003)).

*Third*, taking the relatively minimal amount of time required for appellate review of the discrete issue of the *Press* Plaintiffs' intervention is unlikely to cause substantial injury to any of the *Guenther* parties. And, *fourth*, the public interest in ensuring full hearing of all interests at stake in the manipulation and administration of retirement plans will be protected by providing the *Press* Plaintiffs the opportunity for meaningful review of the denial of their intervention motion. All four factors of

the Fifth Circuit's test for a stay pending appeal are met here, and the matter below should be stayed pending this appeal.

## ARGUMENT

### A. It is well-settled that absent class members are entitled to intervene in a mandatory class, and the *Press* Plaintiffs are likely to succeed on the merits of their appeal.

The district court denied the *Press* Plaintiffs' motion to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24. Rule 24 provides that "anyone" shall be permitted to intervene in an action as a matter of right, if: (i) the application is timely; (ii) the applicant has an interest relating to the property or transaction which is the subject of the action; (iii) the applicant is so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and (iv) the applicant's interest is inadequately represented by the existing parties to the suit." Fed. Rule Civ. P. 24(a)(2); *Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016). "Federal courts should allow intervention where no one would be hurt and greater justice could be attained." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (internal quotation marks and citation omitted).

The district court concluded that the final factor—inadequate representation—had not been met, and denied the *Press* Plaintiffs' motion on that

basis alone.[21] This Court applies a *de novo* standard of review to orders denying a motion to intervene as a matter of right. *S.E.C. v. Stanford Intern. Bank, Ltd.*, 429 Fed. App'x 379, 381 (5th Cir. 2011).

The *Press* Plaintiffs are likely to succeed on the merits of their appeal. Critically, the *Guenther* class has been certified pursuant to Rule 23(b)(2) without notice or opt out rights. The Fifth Circuit has recognized that the necessity of intervention by absent class members "arise[s] most likely in a class certified under 23(b)(1) or (b)(2)," because, in those situations, "impairment of an individual's interest" is "more likely … since he is unable to opt out of th[e] class." *Woolen v. Surtain Taxicabs, Inc.*, 684 F.2d 324, 332 (5th Cir. 1982). Courts in this Circuit have repeatedly affirmed this foundational principle: "[I]ntervention can serve as a means whereby class members can monitor the representation of their rights," and "denying intervention can have critical effects for class members attempting to intervene in an action, especially in situations involving 23(b)(1) or 23(b)(2) classes because of their inability to opt out of these types of classes." *In re Toyota Hybrid Brake Litig.*, 2020 WL 6161495, *10 (E.D. Tex. 10/21/2020).[22]

---

[21] ROA.16-995, Doc. 337, at 2-3. The *Press* Plaintiffs had alternatively requested permissive intervention, which the district court likewise denied. The *Press* Plaintiffs do not appeal the decision on permissive intervention.

[22] In *Toyota Hybrid Brake Litig.*, intervention was denied because the proposed intervenor sought to "retain[] control of the litigation *as a class representative*," an interest that the Court determined is not protected by Rule 24. *See* 2020 WL 616495, at 14-15 (emphasis added). That is not the interest at stake for the *Press* Plaintiffs here. As further described herein, the *Press* Plaintiffs have brought claims that are not at issue in the *Guenther* action. Denial of their intervention poses them

Notably, the standard for intervention of right by a class member does not require that the resolution of the class's claims have fully preclusive effect on the interests of the proposed intervenor, but only that "one's interest may be impaired by inadequate representation." *Woolen*, 684 F.2d at 332. Moreover, "in determining whether adequate representation exists, whether the existing parties will set forth the arguments of the parties seeking to intervene is relevant." *In re Ford Motor Co. Bronco II Prods. Liab. Litig.*, 1995 WL 15182, *3 (E.D. La. 1/12/1995) (citing *In re Benny*, 791 F.2d 712, 721 n.12 (9th Cir. 1986)). "This would appear to establish a lower threshold or showing of inadequacy for purposes of intervention as opposed to class action certification." *Woolen*, 684 F.2d at 332.

Such critical effects would result here if the *Press* Plaintiffs' intervention were denied. In short, the *Press* Plaintiffs seek to be compensated for shortfalls in their pension benefits that have not been alleged by the *Guenther* class. The *Press* Plaintiffs filed claims and seek remedies not at issue in *Guenther*, including misrepresentations in calculating the *Press* Plaintiffs' opening account balances, misrepresentations in connection with the Ombudsman's report, and direct claims

---

"to the risk of having a judgment entered in the action which by its terms extends to [them], the validity of which the *Press* Plaintiffs may later be obligated to test "as applied to [their] interest by a later collateral attack." Fed. R. Civ. P. 24 advisory committee's note (1966). That is precisely the interest that Rule 24 is designed to protect. *Id.*

for aiding and abetting against BP plc, which is not a defendant in the *Guenther* litigation.

The *Press* Plaintiffs allege that BP plc was instrumental in facilitating the harm caused by BP America's misrepresentations and seek restitution and/or disgorgement of profits from BP plc to remedy that harm.

The district court did not explain how the *Press* Plaintiffs are adequately represented by the *Guenther* class with respect to these non-overlapping issues.The district court provided no analysis, however, to explain (1) how the *Press* Plaintiffs' claims against BP plc, which is not a party to *Guenther* would be protected or pursued absent their intervention into the action; or (2) how the *Press* Plaintiffs' claims that BP America miscalculated the *Press* Plaintiffs' opening account balances or that BP America made a second set of material misrepresentations in 2016, neither of which is a claim asserted by the *Guenther* class, would be protected and pursued absent their intervention. These are not merely tactical disagreements with how to prosecute the case, but are distinct substantive issues that pertain to the *Press* Plaintiffs' claims and that are not present in the *Guenther* class's claims.

Instead, the district court relied on the *presumption* of adequacy of representation, finding in conclusory fashion, "[t]hat the *Press* plaintiffs also sued BP plc for restitution and disgorgement of profits does not overcome the presumption that the *Guenther* plaintiffs adequately represent the interest of the

*Press* plaintiffs."[23] But relying on the Rule 23 analysis to resolve the Rule 24 analysis is an error. "The presumption of adequate representation . . . 'is weak' and 'merely requires the presumed result *unless* some evidence is placed before the court tending to rebut it.'" *Ruderman ex rel. Schwartz v. Washington Nat. Ins. Co.*, 263 F.R.D. 670, 676 (S.D. Fla. 2010) (quoting *Clark v. Putnam County*, 168 F.3d 458, 461 (11th Cir. 1999)). The Supreme Court has held that the burden to overcome the presumption is "minimal." *Trbovich v. U. Mine Workers*, 404 U.S. 528, 538 n.10 (1972); *see also John Doe No. 1 v. Glickman*, 256 F.3d 371, 380 (5th Cir. 2001). "[T]he mere existence of colorable adequacy issues satisfies Proposed Intervenors' minimal burden to show that representation of their interests 'may be' inadequate." *Ruderman*, 263 F.R.D. at 677 (quoting *Chiles v. Thornburgh*, 865 F.2d 1197, 1214 (11th Cir. 1998)).

The *Press* Plaintiffs have met that minimal burden here. Because certain claims and remedies asserted by the *Press* Plaintiffs are not at issue in *Guenther*, the *Guenther* class and the *Press* Plaintiffs do not share the same ultimate objectives in their respective suits. Yet, because the factual basis for *Press* and *Guenther* overlap, at least in part, denial of the *Press* Plaintiffs' intervention subjects the *Press* Plaintiffs "to the risk of having a judgment entered in the action which by its terms extends to [them]," and the *Press* Plaintiffs may later "be obliged to test the validity

[23] ROA.16-995, Doc. 337, at 3.

of the judgment as applied to [their] interest by a later collateral attack." Fed. R. Civ. P. 24 advisory committee's note (1966) (citations omitted). In neither scenario should the *Press* Plaintiffs be subject to such risks. "Rather [absent class members] should, as a general rule, be entitled to intervene in the action." *Id.*; *see also In re Ford Motor Co. Bronco II Prods. Liab. Litig.*, 1995 WL 15182 at *2 (quoting 7B Wright & Miller, Fed. Prac. & Proc. § 1799 (2d ed. 1986), in turn quoting Fed. R. Civ. P. 24 advisory committee's note).

In sum, without the ability to opt out, the *Press* Plaintiffs' ability to pursue and protect their distinct claims could be impaired—the *Press* Plaintiffs are at risk of being legally bound by the result in this case if a class is certified without opt out rights. That is sufficient to meet the Rule 24 burden. The *Press* Plaintiffs are likely to succeed on the merits of their appeal.

**B. Proceeding without a stay will irreparably prejudice the *Press* Plaintiffs' due process rights.**

Unless *Guenther* is stayed, it will proceed to trial and, very likely, reach final judgment before the *Press* Plaintiffs' appeal of their intervention denial can be decided by this Court, subjecting the *Press* Plaintiffs to significant prejudice and hardship. Most significantly, such outcome would prevent the *Press* Plaintiffs from exercising any control over, much less having the opportunity to participate in, the prosecution of factual and legal issues that overlap with or relate to their individual

claims. That violates the *Press* Plaintiffs' rights to due process. *See, e.g.*, *Dominion Video Satellite*, 356 F.3d at 1267; *Plain*, 296 F.3d at 981.

Specifically, the *Press* Plaintiffs have been forced into a mandatory class without the right to opt out to pursue their individual claims; the non-opt-out nature of 23(b)(2) classes creates an impairment of proposed intervenors' rights that would not otherwise exist in a 23(b)(3) opt-out class. *See, e.g., Barry's Cut Rate Stores Inc. v. Visa*, *Inc.*, 2021 WL 2646349, *7-8 (E.D.N.Y. 6/28/2021); *see also Woolen*, 684 F.2d at 332; *Theriot v. Parish of Jefferson*, 1995 WL 7731680, *1-2 (E.D. La. 12/5/1995) (observing that "[t]he *stare decisis* effect … of any judgment by this Court [in 23(b)(2) class] preponderates toward the Court's granting Ms. White leave to intervene permissively" even in the face of adequate representation). The *Press* Plaintiffs will be significantly prejudiced unless the proceeding below is stayed prior to the entry of a final judgment.

**C. A brief stay will not prejudice the other parties to this dispute.**

By comparison, no significant prejudice to the other parties would result should the *Press* Plaintiffs' intervention be granted. The stay pending appeal of the intervention decision would be relatively brief, particularly compared to the amount of time that the parties have been litigating this action below. Indeed, four years passed between when the *Guenther* putative class was initially filed, and when the plaintiffs moved for class certification.

A stay would also be minimally disruptive. Although the district court has indicated its desire that this matter be tried before the end of February 2022, the other parties below have indicated that their schedules may not accommodate such a trial and indeed the *Guenther* plaintiffs are still seeking additional discovery.[24] In as much as the other parties do not appear ready for an immediate trial, they can continue and complete their trial preparations during the brief stay pending this appeal.

**D. A brief stay is in the public interest.**

Finally, the requested stay would serve the public interest, as courts have long recognized that there is a "public interest in maintaining the integrity of employee retirement plans." *Brock v. Citizens Bank of Clovis*, 841 F.2d 344, 347 (10th Cir. 1988); *see also Benefits Admin. Cmte. of Brush Aftermarket N. Am. Inc. Group Pension Plan v. Wencl*, 2016 WL 8809478, *2 (D. Minn. 8/22/2016) (finding that "protecting the integrity, soundness, and stability of ERISA pension plans" will "serve the public interest"); *Perez v. Lukas Mach., Inc.*, 2014 WL 1466443, *3 (W.D. Wash. 4/15/2014) ("The court also concludes that an order that preserves the integrity of retirement plan funds pending the resolution of disputes is in the public interest."); *Kovalesky v. A.M.C. Assoc. Merch. Corp.*, 551 F. Supp. 544, 548 (S.D.N.Y. 1982) (recognizing "the public interest in the integrity of pension plans");

[24] *See* 12/17/21 Letter to Court, ROA.16-995, Doc. 341.

*Bullock v. Spencer*, 112 F. Supp. 147, 150 (D.D.C. 1953) ("It is in the public interest that the integrity of old age retirement plans be maintained.").

Here, where the *Press* Plaintiffs' specific claims focus on the effect of misrepresentations made by BP America—as aided and abetted by BP plc—in administering retirement plans and funds, it is therefore in the public interest to make sure that all distinct interests and claims regarding that conduct are fully represented, which can only be ensured by granting the *Press* Plaintiffs' a stay of the proceedings until this Court can rule whether they should be granted intervention of right into this 23(b)(2) class.

## CONCLUSION

For the foregoing reasons, the *Press* Plaintiffs' motion for stay pending this Court's resolution of their appeal from the district court's denial of their motion to intervene should be granted.

Respectfully submitted,

*/s/ Jason W. Burge*

James R. Swanson
SBN (LA) 18455
jswanson@fishmanhaygood.com
Kerry J. Miller
SBN (LA) 24562
kmiller@fishmanhaygood.com
Jason W. Burge (TX Bar No. 24112316)
SBN (LA) 30420
jburge@fishmanhaygood.com
Rebekka C. Veith
SBN (LA) 36062

rveith@fishmanhaygood.com
C. Hogan Paschal
SBN (LA) 38495
hpaschal@fishmanhaygood.com
FISHMAN HAYGOOD L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
(504) 586-5252; (504) 586-5250 fax

David P. Meyer (0065205)
Matthew R. Wilson (0072925)
Michael J. Boyle, Jr. (0091162)
Courtney Werning (0089120)
dmeyer@meyerwilson.com
MEYER WILSON CO., LPA
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
(614) 224-6000; (614) 224-6066 fax

***Counsel to the Press Plaintiffs***

## **RULE 27.4 CERTIFICATE OF CONFERENCE**

On December 27 and 28, 2021, pursuant to 5th Circuit Rule 27.4, the undersigned *Press* Plaintiffs' counsel conferred with counsel for all other parties to ascertain whether an opposition will be filed. Counsel to the *Guenther* plaintiffs indicated that their clients were opposed to the motion, and counsel to the defendants (BP America and BP RAP) indicated that their clients were also opposed to the motion.

Respectfully submitted,

*/s/ Jason W. Burge*
Jason W. Burge

## CERTIFICATE OF COMPLIANCE

1. This Brief contains less than 5,200 words, exclusive of parts exempted by Fed. R. App. P. 32(f) and 32.2. The exact word count is 4,806 exclusive of parts exempted by Fed. R. App. P. 32(f) and 32.2.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point, Times New Roman font in text and 12-point Times New Roman font in footnotes.

Date: December 28, 2021

Respectfully submitted,

*/s/ Jason W. Burge*
Jason W. Burge