**Case No. 21-20617**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**FREDRIC A. GUENTHER, WALTON FUJIMOTO, and LESLIE OWEN,**
***Plaintiffs-Appellees,***

**v.**

**BP RETIREMENT ACCUMULATION PLAN and BP CORPORATION NORTH AMERICA INC.,**
***Defendants-Appellees,***

***v.***

**MICHAEL PRESS,**
***Movant-Appellant.***

---

**On Appeal from the United States District Court for the Southern District of Texas,**
**Civil Action No. 4:16-cv-00995**
**The Honorable George C. Hanks, Jr., United States District Judge**

---

# DEFENDANTS-APPELLEES, BP RETIREMENT ACCUMULATION PLAN AND BP CORPORATION NORTH AMERICA, INC.'S OPPOSITION TO MOTION TO STAY PENDING APPEAL

---

**SEYFARTH SHAW LLP**
Robert J. Carty, Jr.
700 Milam Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 225-2300
rcarty@seyfarth.com

Ian H. Morrison
233 S. Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5000
imorrison@seyfarth.com

**JACKSON LEWIS P.C.**
Howard Shapiro
Robert W. Rachal
Adam R. Carlisle
650 Poydras Street, Suite 1900
New Orleans, Louisiana 70130
Telephone: (504) 208-1755
Howard.Shapiro@jacksonlewis.com
Robert.Rachal@jacksonlewis.com
Adam.Carlisle@jacksonlewis.com

***Counsel for Defendant-Appellees BP Retirement Accumulation Plan and BP Corporation North America, Inc.***

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

**Defendants-Appellees**

BP Retirement Accumulation Plan

BP Corporation North America, Inc.: BP Corporation North America, Inc. is a subsidiary of BP America Inc. BP America Inc., in turn, is a subsidiary of BP America Limited, itself a subsidiary of BP Holdings North America Limited. BP Holdings North America Limited is a subsidiary of BP plc. BP plc is a publicly traded company. No other publicly held corporation owns 10% or more of BP Corporation North America, Inc.

**Counsel for Defendants-Appellees**

Seyfarth Shaw LLP
Robert J. Carty, Jr.
Ian H. Morrison
Esteban Shardonofsky
Thomas Horan

Jackson Lewis P.C.
Howard Shapiro
Robert W. Rachal
Adam R. Carlisle

**Plaintiffs-Appellees**

Frederic Guenther
Walton Fujimoto
Leslie Owen

**Counsel for Plaintiffs-Appellees**

James, Vernon & Weeks, P.A.
Leander L. James, IV
Susan Weeks
Brady Espeland
Brianna Espeland

Merrick Hofstedt & Lindsey, P.S.
Peter Steilberg
Philip Meade
Rossi Maddalena

***Press* Movant-Appellants**

A full list of the *Press* Plaintiffs (comprising 282 individual plaintiffs who wish to intervene for purposes of opposing class certification) was filed in connection with their motion to intervene in the District Court proceeding. (*See* Dkt. 272-1.)

**Counsel for *Press* Movant-Appellants**

Fishman Haygood L.L.P.
James R. Swanson
Kerry J. Miller
Jason W. Burge
Rebekka C. Veith
C. Hogan Paschal

Meyer Wilson Co., LPA
David Meyer
Matthew R. Wilson
Michael J. Boyle, Jr.
Courtney Werning

# TABLE OF CONTENTS

I. SUMMARY OF THE ARGUMENT ..........................................................1

II. FACTUAL BACKGROUND..........................................................................3

III. ARGUMENT ...........................................................................................5

A. The *Press* Plaintiffs Will Not Succeed on the Merits of Their Appeal...........7

1. The *Guenther* Class Adequately Represents Any Interest the *Press* Plaintiffs Have in This Litigation ..............................................................8

2. The *Press* Plaintiffs' Motion to Intervene Was Not Timely. ....................12

B. The *Press* Plaintiffs Cannot Establish Irreparable Injury..............................13

C. All Other Parties Would Be Substantially Injured By a Stay........................15

D. Public Interest Favors the District Court's Discretion to Control its Docket...........................................................................15

IV. CONCLUSION..........................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acuff v. United Papermakers & Paperworkers*,
404 F.2d 169 (5th Cir. 1968) ....................10

*Baker v. Adams Cty./Ohio Valley Sch. Bd.*,
310 F.3d 927 (6th Cir. 2002) ....................5, 6

*Bush v. Viterna*,
740 F.2d 350 (5th Cir. 1984) ....................9

*Edwards v. City of Houston*,
78 F.3d 983 (5th Cir. 1996) ....................8

*Haspel & Davis Milling & Planting Co. v. Bd. of Levee Comm'rs*,
493 F.3d 570 (5th Cir. 2007) ....................8

*Hirschfeld v. Bd. of Elections*,
984 F.2d 35 (2d Cir. 1993) ....................5, 6

*Hornbuckle v. Arco Oil & Gas Co.*,
732 F.2d 1233 (5th Cir. 1984) ....................16

*Int'l Tank Terminals, Ltd. V. M/V Acadia Forest*,
579 F.2d 964 (5th Cir. 1978) ....................8, 9

*Izzio v. Century Partners Golf Mgmt., L.P.*,
No. 3:15-CV-0861-P, 2015 U.S. Dist. LEXIS 123182 (N.D. Tex.
Sept. 15, 2015) ....................11

*Kneeland v. Nat'l Collegiate Athletic Ass'n*,
806 F.2d 1285 (5th Cir. 1987) ....................8

*Lamar v. Lynaugh*,
No. 92-2848, 1993 U.S. App. LEXIS 38355 (5th Cir. Dec. 20,
1993) ....................9, 10

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936) ....................16

*League of United Latin Am. Citizens, Council No. 4434 v. Clements*,
884 F.2d 185 (5th Cir. 1989) ....................................................................9

*Link v. Wabash R. Co.*,
370 U.S. 626 (1962)..................................................................................16

*M2 Tech., Inc. v. M2 Software, Inc.*,
589 F. App'x 671 (5th Cir. 2014) ..............................................................8

*Marine Chance Shipping v. Sebastian*,
143 F.3d 216 (5th Cir. 1998) ....................................................................16

*Nken v. Holder*,
556 U.S. 418 (2009)................................................................................2, 7

*People First of Ala. v. Sec'y of State for Ala.*,
815 F. App'x 505 (11th Cir. 2020) ........................................................5, 6

*Rotstain v. Mendez*,
986 F.3d 931 (5th Cir. 2021) ......................................................................8

*Ruiz v. Collins*,
No. 92-2373, 1992 U.S. App. LEXIS 38676 (5th Cir. Dec. 23,
1992) ...................................................................................................10, 11

*Smith v. Legg (In re United Mkts. Int'l)*,
24 F.3d 650 (5th Cir. 1994) ......................................................................16

*Stallworth v. Monsanto Co.*,
558 F.2d 257 (5th Cir. 1977) ....................................................................12

*United States v. Colomb*,
419 F.3d 292 (5th Cir. 2005) ....................................................................16

*United States v. Franklin Parish Sch. Bd.*,
47 F.3d 755 (5th Cir. 1995) ....................................................................8, 9

*Valentine v. Collier*,
956 F.3d 797 (5th Cir. 2020) ..................................................................2, 7

*WhitServ, LLC v. Comput. Packages, Inc.*,
415 F. App'x 252 (Fed. Cir. 2011) ........................................................5, 6

*Woodson v. Surgitek*,
57 F.3d 1406 (5th Cir. 1995) ........................................................................16

**Rules**

Fed. R. App. P. 8 ........................................................................*passim*

Fed. R. App. P. 8(a) ........................................................................1, 5, 6

Fed. R. App. P. 23 ........................................................................3

Fed. R. App. P. 24 ........................................................................7

## I. SUMMARY OF THE ARGUMENT

On November 1, 2021, the District Court denied Plaintiffs-Appellants' ("*Press* Plaintiffs") motion to intervene. While they now claim to be at risk of "undue prejudice" if this Court does not stay the District Court action, the *Press* Plaintiffs waited nearly two months—until December 28, 2021—to seek a stay. In an attempt to mitigate the effect of their own delay, while ignoring the spirit of Rule 8 of the Federal Rules of Appellate Procedure ("FRAP 8"), the *Press* Plaintiffs bypassed United States District Judge Hanks—to whom any stay request should have been directed initially—and opted instead to seek relief here.

The *Press* Plaintiffs' conduct preceding their filing of this motion conflicts with FRAP 8. This rule requires a party to "ordinarily move first in the district court." Fed. R. App. P. 8(a). After the District Court denied their motion to intervene, starting on November 1, 2021, the *Press* Plaintiffs had ample opportunity to do so, but they did not.

This court should reject the *Press* Plaintiffs' attempt to bypass the District Court and circumvent the rule under which they seek relief. Their motion to stay the *Guenther* action pending appeal of their motion to intervene should be denied. The *Press* Plaintiffs find themselves in a situation that is wholly the product of their own desultory conduct, first in seeking to prosecute their claims in a dilatory fashion, then waiting to intervene in *Guenther*, and now seeking to stay the *Guenther* action.

They do not and cannot show that extraordinary circumstances exist to intrude upon the District Court's management of its docket.

The *Press* Plaintiffs' motion to stay pending appeal also should be denied because they cannot satisfy the four factors necessary for this relief. Of these four factors, there is particular emphasis on the first two:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Valentine v. Collier*, 956 F.3d 797, 801 (5th Cir. 2020) (quoting *Nken v. Holder*, 556 U.S. 418, 426 (2009)).

First, the motion to stay must be denied because the *Press* Plaintiffs have not made the strong showing that they are likely to succeed on the merits of their appeal. Their motion to intervene is unlikely to succeed on the merits because the *Press* Plaintiffs have the same "ultimate objective" as the *Guenther* Plaintiffs. The *Press* Plaintiffs admit they are members of the *Guenther* class. Any purported "differences" between the *Press* and *Guenther* Plaintiffs merely reflect disagreement by the *Press* Plaintiffs with strategic litigation choices made by *Guenther* class counsel. These allegations cannot overcome the strong presumption that their interests are adequately represented—especially considering that was a part of the

District Court's analysis in certifying the *Guenther* class under Rule 23 of the Federal Rules of Civil Procedure.

The *Press* Plaintiffs also fail to meet the other factors required for a stay. They cannot establish irreparable harm because they are adequately represented by *Guenther* class counsel and their own dilatory conduct has created their alleged harm. This motion also should be denied because it will cause substantial injury to all other parties. The *Guenther* litigation was filed in 2016; now, after five years of litigation, the parties will be set for a trial date in February or March 2022. Finally, the strong public interest in preserving the District Court's ability to control its own docket to timely resolve long-running litigation suggests this Court should deny this extraordinary request to stay an action when the District Court acted correctly and within its discretion.

## II. FACTUAL BACKGROUND

In 1989, BP America amended and renamed its pension plan as the BP Retirement Accumulation Plan; the *Guenther* class consists of participants and/or beneficiaries of that Plan and, allegedly, the *Press* Plaintiffs.[1] The *Press* Plaintiffs allege they learned of their potential claims against Defendants-Appellees in 2014. *See Guenther v. BP Ret. Accumulation Plan*, No. 4:16-cv-00995 (S.D. Tex. Mar. 26,

[1] Defendants-Appellees take no position as to whether the *Guenther* class includes the *Press* Plaintiffs. The *Press* Plaintiffs admit that they are members of the *Guenther* class. *See Guenther v. BP Ret. Accumulation Plan*, No. 4:16-cv-00995, Dkt. 272, at *4 (S.D. Tex. Mar. 26, 2021).

2021) (Dkt. 272). In 2016, the *Guenther* Plaintiffs filed an action with a proposed class that purportedly included the *Press* Plaintiffs. Despite the knowledge of their potential claims by 2016 and their interests in the *Guenther* litigation, the *Press* Plaintiffs took no action. Instead, *Press* Plaintiffs waited until September 2020 when—rather than intervening in *Guenther*—they filed a separate action making nearly identical allegations as *Guenther*.

In December 2020, the *Press* litigation was transferred from the United States District Court for the Northern District of Ohio to the United States District Court for the Southern District of Texas under the first-to-file doctrine, because the *Guenther* litigation was pending there. When Judge Gwin transferred *Press*, he found that the cases included "nearly identical" allegations. *Press v. BP plc*, No. 1:20-cv-02052 (N.D. Ohio Dec. 23, 2020) (Dkt. 28). After this transfer, the *Press* Plaintiffs waited until March 2021 to file a limited motion to intervene in *Guenther*, asking that they be allowed to intervene for purposes of objecting to the Magistrate Judge's report and recommendation on the *Guenther* Plaintiffs' class certification motion. *Guenther v. BP Ret. Accumulation Plan*, No. 4:16-cv-00995 (S.D. Tex. Mar. 26, 2021) (Dkt. 272). Ultimately, Judge Hanks denied intervention on November 1, 2021. *Id.* (Dkt. 319). Significantly, with counsel for *Press* Plaintiffs attending, at the November 1 hearing, Judge Hanks informed the parties of the Court's intention to set the *Guenther* case for trial in early 2022. *Id.* At that specific point in time, the

spirit of FRAP 8 required the *Press* Plaintiffs to file their motion to stay in the District Court. *Baker v. Adams Cty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 930 (6th Cir. 2002); *Six Dimensions, Inc. v. Perficient, Inc.*, No. 19-20505 (5th Cir. Nov. 12, 2019); *People First of Ala. v. Sec'y of State for Ala.*, 815 F. App'x 505, 509 n.6 (11th Cir. 2020); *WhitServ, LLC v. Comput. Packages, Inc.*, 415 F. App'x 252, 253 (Fed. Cir. 2011); *Hirschfeld v. Bd. of Elections*, 984 F.2d 35, 38 (2d Cir. 1993).

The *Press* Plaintiffs were aware of the trial urgency in the *Guenther* litigation, but took no immediate action in the District Court as to a stay. Instead, on November 23, 2021, they filed a notice of appeal. *Guenther v. BP Ret. Accumulation Plan*, No. 4:16-cv-00995 (S.D. Tex. Mar. 26, 2021) (Dkt. 325). Finally, on December 28, 2021, relying upon Judge Hanks' comments to the *Guenther* parties during a December 1, 2021 Status Conference, the *Press* Plaintiffs sought extraordinary relief, bypassing the District Court, and asked this Court (in effect) to excuse their dilatory conduct and stay the District Court's proceedings.

## III. ARGUMENT

The *Press* Plaintiffs have not satisfied the requirements for a stay pending appeal. They ignored the plain language of FRAP 8(a), which states "a party *must* ordinarily first move in the district court" for a stay pending appeal. Fed. R. App. P. 8(a) (emphasis added). The mandatory language of this rule is a requirement for any party seeking a stay. The *Press* Plaintiffs cannot manipulate the rule's limited

exception to remedy timeliness issues caused by their own conduct. On November 1, 2021, they knew their intervention failed and that trial would be set in early 2022. Yet, during the entire month of November 2021, they never sought a stay in the District Court. The *Press* Plaintiffs waited almost two months before seeking relief from this Court.

It is "the cardinal rule of stay applications" that they must be filed first in the District Court. *Baker*, 310 F.3d at 930; *Six Dimensions, Inc. v. Perficient, Inc.*, No. 19-20505 (5th Cir. Nov. 12, 2019) (denying a motion under FRAP 8(a) because it was not first requested in the District Court); *People First of Ala.*, 815 F. App'x at, 509 n.6 (noting the requirement to first move in the District Court even under time pressured circumstances); *WhitServ, LLC*, 415 F. App'x at 253 (holding that the District Court is in the best position to decide motions under FRAP 8); *Hirschfeld*, 984 F.2d at 38 (denying a FRAP 8(a) motion filed in the Appellate Court after the movant waited five weeks from the District Court decision to seek a stay). The plain language of FRAP 8 reflects the public policy rationale that the District Court best knows how to manage its docket and is best equipped to decide whether to stay its proceedings. This Court cannot permit the *Press* Plaintiffs to circumvent the requirements of FRAP 8: the *Press* Plaintiffs' own actions cannot manufacture the grounds for extraordinary relief.

The *Press* Plaintiffs' motion also must be denied because it does not satisfy this Court's four factors to grant a stay pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Valentine*, 956 F.3d at 801 (quoting *Nken*, 556 U.S. at 426). This Court emphasizes the first two factors. *Id.* But because the *Press* Plaintiffs cannot satisfy any of them, their extraordinary request to stay the District Court proceedings pending appeal must be denied.

### A. The *Press* Plaintiffs Will Not Succeed on the Merits of Their Appeal.

The *Press* Plaintiffs will not succeed on the merits of their appeal of the District Court's denial of their motion to intervene. Judge Hanks' order denying their intervention is supported by the law and the facts: there are no grounds for this Court to reverse that decision.

The *Press* Plaintiffs appeal will fail on the merits because their interests are adequately represented by the *Guenther* Plaintiffs and their motion to intervene was not timely filed. To intervene as a matter of right under Rule 24 of the Federal Rules of Civil Procedure a party must prove:

> (1) the application for intervention [is] timely; (2) the applicant [has] an interest relating to the property or transaction which is the subject of the action; (3) the applicant [is] so situated that the disposition of the action

> may, as a practical matter impair or impede his ability to protect that interest; (4) the applicant's interest [is] inadequately represented by the existing parties to the suit.

*Rotstain v. Mendez*, 986 F.3d 931, 936-37 (5th Cir. 2021) (quoting *Int'l Tank Terminals, Ltd. v. M/V Acadia Forest*, 579 F.2d 964, 967 (5th Cir. 1978)). Failure as to one element requires a court to deny intervention as of right. *Haspel & Davis Milling & Planting Co. v. Bd. of Levee Comm'rs*, 493 F.3d 570, 578 (5th Cir. 2007). The District Court found that the fourth requirement was not satisfied without ruling on the other elements. *See Guenther v. BP Ret. Accumulation Plan*, No. 4:16-cv-00995 (S.D. Tex. Dec. 7, 2021) (Dkt. 337). The *Press* Plaintiffs' appeal will fail on the merits because the District Court's decision that their interests are adequately represented by the *Guenther* class is supported by the law and the facts of this case. Further, the untimeliness of the *Press* Plaintiffs' motion to intervene provides alternative grounds to affirm denial of intervention.

**1. The *Guenther* Class Adequately Represents Any Interest the *Press* Plaintiffs Have in This Litigation.**

The District Court concluded the *Press* Plaintiffs' interests are adequately represented. When an existing party and an intervenor have the same "ultimate objective," there is a strong presumption that the intervenor is adequately represented. *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1288 (5th Cir. 1987); *M2 Tech., Inc. v. M2 Software, Inc.*, 589 F. App'x 671, 675 (5th Cir. 2014); *Edwards v. City of Houston*, 78 F.3d 983, 1005-6 (5th Cir. 1996); *United*

*States v. Franklin Parish Sch. Bd.*, 47 F.3d 755, 757-58 (5th Cir. 1995); *Lamar v. Lynaugh*, No. 92-2848, 1993 U.S. App. LEXIS 38355, at *2 (5th Cir. Dec. 20, 1993); *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989); *Bush v. Viterna*, 740 F.2d 350, 355 (5th Cir. 1984); *Int'l Tank Terminals, Ltd.*, 579 F.2d at 967-68. The *Press* Plaintiffs cannot overcome the presumption that their interests are adequately represented because they have no evidence of an adversity of interest, collusion, or nonfeasance between themselves and the *Guenther* class. *Id.*

The *Press* Plaintiffs have the same "ultimate objective" as the *Guenther* class—they all seek equitable relief under ERISA based on alleged fiduciary breaches in connection with the 1989 Plan amendment. The *Press* Plaintiffs allege three differences between themselves and the *Guenther* class. First, the *Press* Plaintiffs allege that their allegations about the opening account balances of the BP Retirement Accumulation Plan are not raised by the *Guenther* class. However, this issue has been litigated already and resolved in two other litigations. *See Nichols v. BP America Ret. Accumulation*, No. 1:01-cv-06238 (N.D. Ill. Sept. 27, 2002) (Dkt. 31); *French v. BP Corp. N. Am. Inc.*, No. 2:08-cv-00216 (E.D. Ken. 2010). As a result, the decision not to pursue this claim is a valid and reasonable litigation strategy that does not prejudice the *Press* Plaintiffs or the members of the *Guenther* class. Second, the *Press* Plaintiffs allege their claim includes misrepresentations

related to the Ombudsman's investigation in 2014. *See Guenther v. BP Ret. Accumulation Plan*, No. 4:16-cv-00995 (S.D. Tex. Mar. 26, 2021) (Dkt. 272). But a close reading of the *Guenther* complaint reveals that the facts related to the Ombudsman's investigation merely are incorporated in a slightly different manner. *Id*. (Dkt. 82). Third, *Press* Plaintiffs allege their claim is different because they included BP plc as a defendant in their lawsuit. *See Guenther v. BP Ret. Accumulation Plan*, No. 4:16-cv-00995 (S.D. Tex. Mar. 26, 2021) (Dkt. 272). The *Guenther* lawsuit includes two solvent defendants; both are alleged to be fiduciaries as to the Retirement Plan at issue. There is no reason to believe that the addition of a derivative claim against BP plc makes a difference in the ability to obtain relief. In fact, a host of *in personam* jurisdictional and substantive legal barriers exists as to any claim against BP plc, making it reasonable for class counsel not to pursue such a claim. The decision to exclude a tangential third-party defendant that is not a fiduciary with respect to this Plan does not prejudice the *Press* Plaintiffs.

These alleged "differences" between the *Press* and *Guenther* Plaintiffs amount to nothing more than disagreements over litigation strategy and fall short of the standard for actual adverse interests. *Lamar*, 1993 U.S. App. LEXIS 38355; *Bush*, 740 F.2d at 358 ("tactical differences do not make inadequate the representation of those whose interests are identical[.]"); *Acuff v. United Papermakers & Paperworkers*, 404 F.2d 169, 171-72 (5th Cir. 1968); *Ruiz v.*

*Collins*, No. 92-2373, 1992 U.S. App. LEXIS 328676 (5th Cir. Dec. 23, 1992) (class counsel is not inadequate "because it will not make all the arguments [intervenor] would make if he had his druthers. [Intervenor] is simply attempting to force his own agenda on counsel representing the class."); *Izzio v. Century Partners Golf Mgmt., L.P.*, No. 3:15-CV-0861-P, 2015 U.S. Dist. LEXIS 123182, at *9-10 (N.D. Tex. Sept. 15, 2015) (there is not inadequate representation when "'the applicant and the existing party have different views on the facts, the applicable law, or the likelihood of success of a particular litigation strategy.'") (internal citation omitted). Rather than demonstrating that the *Press* Plaintiffs have a distinct interest necessitating intervention in *Guenther*, these strategic differences are merely litigation strategies that show the *Guenther* and *Press* actions have the same "ultimate objective."

In fact, Judge Hanks was not the first judge to find that these two cases have the same "ultimate objective." When Judge Gwin of the Northern District of Ohio transferred the *Press* case to the United States District Court for the Southern District of Texas, he stated the two cases were "nearly identical class action claims" and that other than a derivative ERISA claim "the operative complaint facts are otherwise indistinguishable." *Press v. BP plc*, No. 1:20-cv-02052 (N.D. Ohio Dec. 23, 2020) (Dkt. 28). As a result, the District Court's denial of the *Press* Plaintiffs' intervention will be affirmed on appeal because the *Press* Plaintiffs cannot overcome the presumption that their interests are adequately represented by the *Guenther* class.

### 2. The *Press* Plaintiffs' Motion to Intervene Was Not Timely.

The *Press* Plaintiffs' appeal also will fail on the merits because they cannot establish that their motion to intervene was filed timely. To analyze the timeliness of a motion to intervene, the Fifth Circuit considers the four *Stallworth* factors. *See Stallworth v. Monsanto Co.*, 558 F.2d 257, 264-66 (5th Cir. 1977). These factors are (1) the length of time the movant waited to file, (2) the prejudice to the existing parties from any delay, (3) the prejudice to the movant if intervention is denied, and (4) any unusual circumstances. *Id.*

First, the *Press* Plaintiffs waited over seven months after commencing their action to file their motion to intervene in *Guenther*. In fact, the *Press* Plaintiffs admit that they were aware of their interests in *Guenther* well before September 2020 when they filed their initial complaint in the Northern District of Ohio. *See Guenther v. BP Ret. Accumulation Plan*, No. 4:16-cv-00995, Dkt. 272, at *10 (S.D. Tex. Mar. 26, 2021). In December 2020, the *Press* Plaintiffs were again notified of their interests in *Guenther* when Judge Gwin transferred their case noting the "identical" nature of their claims to the *Guenther* class action. *Press v. BP plc*, No. 1:20-cv-02052 (N.D. Ohio Dec. 23, 2020) (Dkt. 28). Even so, the *Press* Plaintiffs waited three months to file their motion to intervene. *See Guenther v. BP Ret. Accumulation Plan*, No. 4:16-cv-00995, Dkt. 272, at *10 (S.D. Tex. Mar. 26, 2021). This seven-month delay renders the *Press* Plaintiffs' motion to intervene untimely.

Second, all parties would be prejudiced by this intervention. *Guenther* has been litigated since 2016, and Judge Hanks has stated that he will set a trial date in early 2022. *See Guenther v. BP Ret. Accumulation Plan*, No. 4:16-cv-00995 (S.D. Tex. Nov. 1, 2021) (Dkt. 319). The *Press* Plaintiffs' intervention at this late stage would cause an unnecessary delay of this litigation. Third, the *Press* Plaintiffs are not prejudiced because all of their claims are represented adequately by the *Guenther* class. Therefore, the *Press* Plaintiffs' motion to intervene also can be denied as untimely under the *Stallworth* factors.

The *Press* Plaintiffs will not succeed on the merits of their appeal because the *Press* Plaintiffs have the same "ultimate objective" as the *Guenther* class and their motion to intervene was not timely filed.

### B. The *Press* Plaintiffs Cannot Establish Irreparable Injury.

The *Press* Plaintiffs cannot establish irreparable injury. In fact, the *Press* Plaintiffs' focus on three reasonable litigation strategy choices by *Guenther* class counsel as the basis of their adverse interests highlights the true intention of their motion to intervene—class conflict over litigation strategy. The *Press* Plaintiffs claim their due process rights will be violated without a stay. *Guenther v. BP Ret. Accumulation Plan*, No. 21-20617 (5th Cir. Dec. 28, 2021). That means they regard themselves as bound by the holdings that control the *Guenther* class, or else they would not have to intervene. And other courts have found that the *Press* Plaintiffs'

interests are encompassed and adequately represented by the *Guenther* class. *Press v. BP plc*, No. 1:20-cv-02052 (N.D. Ohio Dec. 23, 2020) (Dkt. 28); *Guenther v. BP Ret. Accumulation Plan*, No. 4:16-cv-00995 (S.D. Tex. Dec. 7, 2021) (Dkt. 337). The *Press* Plaintiffs' motion to intervene, coupled with this motion to stay, is their effort to wrest control of the case from the Court appointed class counsel. *Guenther v. BP Ret. Accumulation Plan*, No. 4:16-cv-00995 (S.D. Tex. Dec. 7, 2021) (Dkt. 273). In fact, the *Press* Plaintiffs' dilatory actions and request for extraordinary relief threatens the due process rights of other parties. A motion to stay, coupled with an intervention cannot be used as a litigation strategy to stall the early 2022 trial of this case only because the *Press* Plaintiffs wish to supplant the litigation tactics of the *Guenther* Plaintiffs.

Finally, the *Press* Plaintiffs cannot establish irreparable injury because any so-called injury is the result of their own conduct throughout this litigation. *Guenther* was filed in 2016. The *Press* Plaintiffs filed their complaint alleging "nearly identical" claims over four years later; and they waited seven more months to file a motion to intervene. *See Guenther v. BP Ret. Accumulation Plan*, No. 4:16-cv-00995 (S.D. Tex. Mar. 26, 2021) (Dkt. 272). Judge Hanks denied the motion to intervene on November 1, 2021 and reminded all the parties, including the *Press* Plaintiffs, of his intent to convene a Docket call on January 21, 2022 to set a trial date in early 2022. *Id.* (Dkt. 319). The *Press* Plaintiffs' December 28, 2021 stay motion is the

result of their own self-created dilatory conduct; it is not the "stuff" of irreparable injury.

### C. All Other Parties Would Be Substantially Injured By a Stay.

All parties to this proceeding will be harmed by an order staying the District Court proceedings. This case has been litigated since April 2016. The parties and the District Court are preparing for a Docket Call and trial in early 2022. *See Guenther v. BP Ret. Accumulation Plan*, No. 4:16-cv-00995 (S.D. Tex. Nov. 1, 2021) (Dkt. 319). The *Press* Plaintiffs waited until December 28, 2021 to seek a stay from this Court. All this while, all other parties continue to prepare for trial. To grant the *Press* Plaintiffs' motion to stay injures all the other parties—including the District Court, which has an independent interest in timely resolution of its cases.

### D. Public Interest Favors the District Court's Discretion to Control its Docket.

Public interest supports denying the motion to stay pending appeal. The *Press* Plaintiffs created the circumstances leading to this motion for a stay. Their conduct cannot outweigh the deference given to United States District Courts to control their own dockets.

In denying the *Press* Plaintiffs' motion to intervene, Judge Hanks expressed his desire to move this litigation forward with a Docket Call and trial date in early 2022. *See Guenther v. BP Ret. Accumulation Plan*, No. 4:16-cv-00995 (S.D. Tex. Nov. 1, 2021) (Dkt. 319). To grant this stay disrupts the District Court's timeline for

this case. There is strong deference given to District Courts to control their own dockets. *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) ("A district court has inherent power 'to control the disposition of the causes of its docket with economy of time and effort for itself, for counsel, and for litigants.") (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *Woodson v. Surgitek*, 57 F.3d 1406, 1417 (5th Cir. 1995) ("The federal courts are vested with the inherent power 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'") (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)); *Smith v. Legg (In re United Mkts. Int'l)*, 24 F.3d 650, 654 (5th Cir. 1994) ("[a] federal court has both specific and inherent power to control its docket."); *Hornbuckle v. Arco Oil & Gas Co.*, 732 F.2d 1233, 1237 (5th Cir. 1984) ("Trial courts therefore have both the power and the duty to take measures to control their dockets and to ensure that counsel properly prepare cases scheduled for trial so that they can be tried and decided rather than continued and rescheduled."); *Marine Chance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 218 (5th Cir. 1998) ("The district court possesses the inherent power to control its docket."). It would be an extraordinary measure for this Court to order a stay despite the District Court's clear intention to prepare this case for trial, especially considering the merits of the *Press* Plaintiffs' intervention and their own dilatory conduct.

This Court should deny the motion to stay pending appeal. The public interest recognizing a District Court's power over its own docket cannot be outweighed by the alleged interest that the *Press* Plaintiffs claim here.

## IV. CONCLUSION

This Court should deny this motion to stay pending appeal because it runs contrary to the spirit of FRAP 8 and the stay is not warranted by the relevant factors.

Respectfully submitted,

**JACKSON LEWIS P.C.**

*/s/ Howard Shapiro*
Howard Shapiro (No. 11968)
Robert W. Rachal (No. 22548)
Adam R. Carlisle (No. 39828)
650 Poydras Street, Suite 1900
New Orleans, Louisiana 70130
Telephone: (504) 208-1755
Facsimile: (504) 208-1759
Howard.Shapiro@jacksonlewis.com
Robert.Rachal@jacksonlewis.com
Adam.Carlisle@jacksonlewis.com

**SEYFARTH SHAW LLP**

Robert J. Carty, Jr.
700 Milam Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 225-2300
Facsimile: (713) 225-2340
rcarty@seyfarth.com

Ian H. Morrison
233 S. Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5000

Facsimile: (312) 460-7000
imorrison@seyfarth.com

**Counsel for Defendants-Appellees**

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Appellate Procedure 32(a)(5) and 32(g), the undersigned counsel for Petitioner certifies that this petition:

(i) complies with the type-volume limitation of Rule 27(d)(2)(A) because it contains 4,108 words, including footnotes and excluding the parts of the petition exempted by Rule 32(f); and

(ii) complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared using Microsoft Office Word 365 and is set in 14-point Times New Roman font (including footnotes) in compliance with Fifth Circuit Rule 32.1.

*/s/ Howard Shapiro*
Howard Shapiro

Dated: January 14, 2021

# CERTIFICATE OF SERVICE

The undersigned certifies that on the 14th day of January, 2022, he caused: one (1) copy of Defendant-Appellees, BP Retirement Accumulation Plan and BP Corporation North America, Inc.'s Opposition to Motion to Stay Pending Appeal to be transmitted to the Clerk of the United States Court of Appeals for the Fifth Circuit via ECF, which caused the court's Notice of Docket Activity to be sent to the following counsel for Plaintiffs-Appellees and Movant-Appellant:

Susan P. Week
Leander Laurel James, IV,
JAMES, VERNON & WEEKS, P.A.
1626 Lincoln Way
Coeur d'Alene, ID 83814
Telephone: (208) 667-0683
Facsimile: (208) 664-1684
Susan P. Weeks
sweeks@jvwlaw.net
ljames@jvwlaw.net

Peter Steilberg, III
Philip R. Meade
Rossi F. Maddalena
MERRICK, HOFSTEDT & LINDSEY, P.S.
3101 Western Avenue, Suite 200
Seattle, WA 98121-3017
Telephone: (206) 682-0610
Facsimile: (206) 467-2689
psteilberg@mhlseattle.com
pmeade@mhlseattle.com
rmaddalena@mhlseattle.com

***Counsel for Plaintiffs-Appellees***

Jason W. Burge
FISHMAN HAYGOOD L.L.P.
201 St. Charles Ave. 46th Floor
New Orleans, LA 70170-4600
jburge@fishmanhaygood.com

***Counsel for Movant-Appellant***

/s/ *Howard Shapiro*
Howard Shapiro